# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ATKINS,**

        **Petitioner,**

**v.**                                                **Civil Action No. 5:11cv86**
                                                   **(Judge Stamp)**

**WARDEN DEBOO, ASST. WARDEN ODEN,**
**SIS LT. WINNERY, SIS LT. GIRALDO,**
**SIS LT. MOONEY, CAPT. JUPREE,**
**OFFICER BALL AND OFFICER DEMOTTO,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

On June 6, 2011, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) and an Application to Proceed Without Prepayment of Fees (dckt. 2). This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### I.    The Petition

In the petition, the petitioner, a federal inmate, complains that he has been housed in administrative detention for an excessive amount of time, and under false pretenses, in violation of his due process rights. (Dckt. 1 at 4). In support of his claim, the petitioner asserts that on June 18, 2010, he was placed in administrative detention pending investigation for an alleged assault. *Id.* at 5. In December of 2010, the petitioner was informed that the federal prosecutor had declined to prosecute the case, but that he was still subject to administrative discipline. *Id.* Moreover, the petitioner was told that he would be transferred from FCI-Gilmer because he custody points are too high to remain in a medium security institution. *Id.* He was also told that the assault charges had been re-referred to the federal prosecutor. *Id.* at 5-6.

On February 22, 2011, the petitioner was issued an incident report for the alleged assault. *Id.* at 6.  Although the petitioner maintains his innocence, he has yet to see a disciplinary hearing officer, nor has he received a federal indictment against him.  *Id.*  The petitioner asserts that he has been told that he will remain in administrative detention until his criminal case is resolved.  *Id.* at 8.  According to the petitioner though, he has yet to even be indicted.  *Id.* at 5.  The petitioner asserts that he has initiated the grievance process, but that he has not received any response.  *Id.* at 8.  As relief, the petitioner seeks his release from the Special Housing Unit and/o transfer to another institution.  *Id.* at 9.

## II.  Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed.  See 28 U.S.C. § 2241.  More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).  Thus, proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  Otherwise, a challenge to prison conditions or procedures should be filed as a civil rights action.  *Id.* at 81. Therefore, the Court must look to see whether the petitioner's claim most directly seeks relief against persons acting under color of state or federal law for violations of a right secured by the Constitution of the United States, or attacks the legality of the petitioner's custody.  See Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983).

Here, the petitioner complains of the conditions of his confinement.  Specifically, his claim relates to where and how he is being housed within the Bureau of Prisons.  His claim is not an attack on, nor is it related in any way to, the legality or execution of the petitioner's sentence.  Thus, it is clear that the petitioner's claim should have been raised pursuant to a civil rights complaint.  Preiser,

at 499-500  (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life).  Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### III.   Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action, and that his Application to Proceed Without Prepayment of Fees (dckt. 2) be **DENIED as moot**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

 The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last address as shown on the docket.

DATED: June 17, 2011.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE