IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MICHAEL ATKINS,

        Petitioner,

v.                                        Civil Action No. 5:11CV86
                                                              (STAMP)
WARDEN DEBOO, ASST. WARDEN ODEN,
SIS LT. WINNERY, SIS LT. GIRALDO,
SIS LT. MOONEY, CAPT. JUPREE,
OFFICER BALL AND OFFICER DEMOTTO,

        Respondents.


                   **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                   **RECOMMENDATION OF MAGISTRATE JUDGE**

                            I.  Background

     On June 16, 2011, the pro se[1] petitioner, Michael Atkins,

filed an application for habeas corpus pursuant to 28 U.S.C. §

2241. The petitioner, a federal inmate, complains that he has been

housed in administrative detention for an excessive amount of time

and under false pretenses, in violation of his due process rights.

In support of his claim, the petitioner asserts that on June 18,

2010 he was placed in the Segregated Housing Unit ("SHU") pending

investigation of an alleged assault. The petitioner claims that

the defendants conspired to keep him detained in the SHU for as

long as possible. In December of 2010, the petitioner was told

that the federal prosecutor had declined to prosecute the case

regarding the alleged assault, but that he would not be released

───────────────────────

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1341 (9th ed. 2009).

from the SHU until he saw the discipline hearing officer. On February 22, 2011, the petitioner was issued an incident report for the alleged assault. The petitioner maintains his innocence, and asserts that he has been told that he will remain in the SHU until his criminal case is resolved. According to the petitioner, he has initiated the grievance process but has not received any response. As relief, the petitioner seeks his release from the SHU and/or transfer to another institution.

This matter was referred to Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge issued a report and recommendation recommending that the petitioner's application for habeas corpus pursuant to 28 U.S.C. § 2241 be denied and dismissed without prejudice to the petitioner's right to re-file his claims as a civil rights action, and that his application to proceed without prepayment of fees be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.

On July 1, 2011, the petitioner filed objections to the report and recommendation in which he argues that the magistrate judge failed to consider the abridgement of due process regulations. For the reasons set forth below, this Court finds that the report and

recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A § 2241 motion is used to attack the manner in which a sentence is executed. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). This Court, therefore, agrees with the magistrate judge, that, because the petitioner's claim does not relate to the fact or length of confinement, but instead relates to the conditions of his confinement, the petitioner should have filed a civil rights action rather than a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In his objections, the petitioner argues that the staff at FCI-Gilmer continue to deprive him of his procedural due process. Specifically, the petitioner claims that Warden Deboo will not

authorize a hearing to justify his detainment for the duration of his sentence. Further, the petitioner asserts that he has not been afforded an appeal in accordance with 28 C.F.R. § 542.15 and the Administrative Procedure Act. Again, the complaints voiced in the petitioner's objections relate to the conditions of his confinement. Therefore, § 2241 is not the proper avenue in which to seek the requested relief.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITHOUT PREJUDICE to the petitioner's right to re-file his claims as a civil rights action. Additionally, the petitioner's application to proceed without prepayment of fees is DENIED as MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C.

4

§ 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 6, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE